NIEMEYER, Circuit Judge,
concurring in part and concurring in the judgment:
I would allow the breach of fiduciary claim to proceed to trial, and therefore I concur in the result reached in Part 11(B) of Chief Judge Traxler’s opinion. My reasoning for doing so, however, differs somewhat from that relied on by Judge Traxler.
Bocek retained JGA Associates as his agent to assist him in forming a new medical practice or in rendering other services, as the parties agreed. Pursuant to their “Consulting Agreement,” JGA became actively involved in Bocek’s effort to purchase an existing medical practice that he had learned was for sale, Allergy Care Centers, and JGA’s services thereafter related solely to purchasing Allergy Care Centers. JGA was paid for these services as provided in the Consulting Agreement.
During the course of providing services to Bocek in connection with the purchase of Allergy Care Centers, JGA wrongfully began planning to acquire Allergy Care Centers for itself, and to that end, it terminated the Consulting Agreement with Bocek and thereafter, through an affiliated entity, acquired Allergy Care Centers.
In my judgment, these facts, if ultimately proved, give rise to a classic claim for breach of the duty of loyalty inherent in the agency agreement that existed between Bocek and JGA. See Restatement (Third) of Agency § 8.01. An agent clearly breaches this duty of loyalty by purchasing for itself property that it was purchasing for its principal. See, e.g., Rowland v. Kable, 174 Va. 343, 6 S.E.2d 633, 642 (1940); Horne v. Holley, 167 Va. 234, 188 S.E. 169, 172 (1936).
The fact that JGA terminated the agency agreement before taking advantage of *180 the opportunity that came to it while it was an agent provides no defense. The viable claim remains that JGA came upon the opportunity to purchase Allergy Care Centers during the course of its work for Bocek in assisting him to purchase that practice and, in order to seize that opportunity for itself, terminated the agency relationship. The law would be a buffoon if it allowed JGA to take Bocek’s opportunity simply by ending the agency relationship and proceeding thereafter in furtherance of its own interest.
It is well-established that various duties survive contracts even after the contracts have ended. Surely, an attorney could not breach a duty of loyalty or confidentiality to a client after the lawyer had completed his service to the client. See Reese v. Va. Int’l Terminals, Inc., 894 F.Supp.2d 665, 671 (E.D.Va.2012) (explaining that Rule 1.9 of the Virginia Rules of Professional Conduct governs a lawyer’s duty of loyalty to former clients). Similarly, an agent’s fiduciary obligations do not disappear when the agency relationship ends. See, e.g., Today Homes, Inc. v. Williams, 272 Va. 462, 634 S.E.2d 737, 744 (2006) (stating that fiduciary obligations continue “after termination of the officer’s association with the corporation” for transactions that “began during the existence of the relationship or that were founded on information gained during the relationship” (internal quotation marks omitted)).
I therefore join in the judgment to reverse the dismissal of the breach of fiduciary duty claim and to remand that claim for trial on the merits. I also concur in the other portions of Chief Judge Traxler’s opinion, as well as the judgment.